1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ACADEMY OF OUR LADY OF PEACE,              CASE NO. 09cv0962 WQH (MDD)

12                               Plaintiff,     ORDER ON JOINT MOTION FOR
         vs.                                    DETERMINATION OF DISCOVERY
13                                              DISPUTE

14   CITY OF SAN DIEGO,                         [DOC. NO. 116]

15                               Defendant.

16

17                          Background

18        Before the Court is the Joint Motion for Determination of Discovery Dispute filed by the

19   parties on October 20, 2011.  (Doc. No. 116).  On October 21, 2011, the Court ordered the

20   Defendant to submit to the Court for *in camera* review relevant documents subject to discovery

21   requests by Plaintiff as to which Defendant was claiming privilege.  (Doc. No. 118).  The

22   documents were submitted to the Court on October 31, 2011.  After reviewing the motion, the

23   Court ordered the parties to appear for a discovery conference on November 10, 2011.  At the

24   discovery conference, following a discussion with the parties, the Court deferred ruling on the

25   instant motion pending the outcome of an upcoming settlement conference.  The settlement

26   conference was held on December 12, 2011.  No settlement was reached.

27        In this lawsuit, Plaintiff challenges the decision of Defendant, through the City Council, to

28   deny Plaintiff the necessary permits for its plan to modernize its campus and buildings.  Plaintiff's

First Amended Complaint alleges violations of the First and Fourteenth Amendments of the United States Constitution, unlawful discrimination based upon religion under 42 U.S.C. § 1983, violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, violations of the California Constitution and seeks a Writ of Mandate compelling Defendant to grant the permit for the Plaintiff's modernization plan.  (Doc. No. 109).

There are four remaining aspects to the current discovery dispute:

1.     Plaintiff's objections to Defendant's Requests for Production numbered 21, 25, 26, 27, 34 and 35;

2.     Plaintiff's challenge to Defendant's assertion of attorney-client privilege to shield certain documents from disclosure;

3.     Plaintiff's challenge to Defendant's assertion of deliberative process privilege to shield certain documents from disclosure; and,

4.     Defendant's challenge, based upon deliberative process privilege, to Plaintiff's expressed desire to notice the depositions of certain City Council members and staff.

A fifth dispute, involving Defendant's request to inspect Plaintiff's property, was resolved by the parties.  The remaining disputes will be addressed below.

Discussion

1. <u>Defendant's Requests for Production ("RFP")</u>

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id*. There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could

bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. *Id.*

RFP # 21

Defendant appears to seek its own documents in this request. The RFP requires the production of:

> Each and every Document, Communication, Correspondence, or other writing exchanged between any member of the City's Development Services Department (DSD), its Planning Commission, its City Council, or any other committee or community planning group regarding The Modernization Plan, and any amendment thereto.

Plaintiff objects that Defendant is requesting from Plaintiff documents produced by Defendant in discovery in this case. Defendant has agreed to limit its request to only those documents Plaintiff may have which were not produced by Defendant. Defendant also claims that this request seeks communications between Plaintiff and other committees or community planning groups regarding the Modernization Plan.

This RFP is vague and ambiguous. By its terms, it does not appear to require the production of communications between Plaintiff and anyone. It only appears to require Plaintiff to produce documents in its possession that reflect communications "exchanged between" the various City components and between those components and outside committees or groups regarding the Modernization Plan. Plaintiff need not respond further.

RFP # 25

Defendant seeks from Plaintiff any and all documents regarding construction projects of the Plaintiff from 1925 to date. Plaintiff objects for overbreadth and relevance. Defendant claims that it can only locate in its records permits for construction dating back to1992 although Plaintiff has

operated at its current location since the 1920's.  Defendant asserts that a record of all of its transactions with Defendant over the years bears on whether Defendant has discriminated against Plaintiff.

This request is overbroad and irrelevant.  The issue is whether Defendant discriminated against Plaintiff in denying the permits necessary to proceed with the Modernization Plan in 2009. Plaintiff need not respond further.

RFP #27

Defendant seeks reports of any kind pertaining to the Modernization Plan.  Plaintiff claims to have produced the requested documentation.  No further response is required.

RFP # 34

Defendant seeks a wide range of financial records of Plaintiff extending back 30 years. Plaintiff objects for overbreadth, relevance and privilege.  Defendant has narrowed the request to the past 15 years and claims that it is relevant on the issue of the financial feasibility of alternative approaches to the modernization plan.

This request is overbroad and irrelevant although not privileged.  It does not appear that the denial of the permit in this case was based upon issues of financial feasibility of alternative plans. Accordingly, Plaintiff's finances are not relevant.

RFP # 35

Defendant seeks records regarding Plaintiff's acquisition of three specific properties and, in addition, all property acquired by Plaintiff within the City of San Diego since 1925.  Plaintiff objects for overbreadth and relevance but claims to have produced the requested records. Defendant claims the records are relevant to a determination of alternatives to the modernization plan presented to Defendant.

Plaintiff claims to have responded to this request.  In any event, the Court finds that records regarding the three identified properties may have marginal relevance.  To the extent that the request seeks all property acquired by Plaintiff since 1925 within the City of San Diego, it is overbroad and irrelevant.

1    2.  Defendant's Assertion of Attorney-Client Privilege for Certain Documents

2        The Ninth Circuit consistently has described the attorney-client privilege as protecting

3    communications: (a) where legal advice of any kind is sought; (b) from a professional legal advisor

4    in his capacity as such; (c) relating to that purpose; (d) made in confidence; (e) by the client; (f)

5    that are at the client's insistence permanently protected; (g) from disclosure by himself or the legal

6    advisor; (h) unless the protection be waived.  *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir.

7    2009); *United States v. Martin,* 278 F.3d 988, 999 (9th Cir. 2002).  The party asserting the

8    privilege has the burden of establishing all of its elements and, even if established, the privilege is

9    strictly construed.  *Id.* at 999-1000.

10       Defendants, as required by the Court, provided the Court with the withheld documents for

11   *in camera* review.  The Court examined the documents, and finds as follows:

12       1) The documents designated as Bates numbers DSD.09508-.09509, IT.130619.013246-

13   .013247, IT.130619.013249, and IT.130619.013320 are electronic mails exchanged between

14   project manager Michelle Sokolowski, city staff, and Deputy City Attorney Nina Fain regarding

15   Plaintiff's upcoming hearing.  Defendants claim privilege over the portion of the electronic mail

16   directed to Ms. Fain, which appears to consist of a part of a single sentence.

17       Upon review, the Court finds that the claimed portion of the documents are not protected

18   by the attorney-client privilege.  The redacted portion merely informs Ms. Fain that if a question is

19   asked at the hearing regarding RLUIPA, she will be the one to answer it.  The portion does not

20   contain legal advice or a request for legal advice, and thus does not fall under the attorney-client

21   privilege.  Accordingly, Defendants are **ORDERED** to produce a complete copy of the electronic

22   mail.

23       2) The document designated as Bates numbers IT.130619.11637-.011648 is an electronic

24   mail from Ms. Fain to Ms. Sokolowski and Project Manager Paul Godwin.  Defendants claimed

25   privilege over the entire document on the grounds that it contains confidential legal advice

26   regarding Plaintiff's permit.

27       Upon review, the Court finds that the document contains confidential legal advice protected

28

1    by attorney-client privilege and does not need to be produced.

2            3) The document designated as Bates number IT .130619.011817 is an exchange of

3    electronic mails between Ms. Fain, Ms. Fain's secretary Pat Vaughan, and Ms. Sokolowski

4    regarding Plaintiff's permit application.  Defendants claim privilege over the entire document on

5    the grounds that it contains confidential legal advice.

6            Upon review, the Court finds that the document contains confidential legal advice protected

7    by attorney-client privilege and does not need to be produced.

8            4) The document designated as Bates number IT.130619.011911 is an electronic mail from

9    Ms. Sokolowski to other DSD staff members, containing a forwarded electronic mail from Ms.

10   Fain and the City Attorney's office regarding Plaintiff's permit application.  Defendants withheld

11   the entire document on the grounds that it contains confidential legal advice.

12           Upon review, the Court finds that the document contains confidential legal advice protected

13   by attorney-client privilege and does not need to be produced.

14           5) The document designated as Bates number IT.130619.012046 is an electronic mail

15   thread between Ms. Sokolowski and other DSD staff members containing a forwarded electronic

16   mail from Ms. Fain and the City Attorney's office regarding an environmental document

17   associated with Plaintiff's permit application.  Defendants claim privilege over the entire electronic

18   mail on the grounds that it contains confidential legal advice, though the attachments to the

19   electronic mail were produced.

20           Upon review, the Court finds that the document contains confidential legal advice protected

21   by attorney-client privilege and does not need to be produced.

22           6) The documents designated as Bates number IT.130619.012234 and IT.130619.012161

23   are electronic mails from Ms. Sokolowski to Ms. Fain and Chief Deputy City Attorney Shannon

24   Thomas regarding Plaintiff's permit application.  Defendants claim privilege over the entire

25   electronic mails on the grounds that they contain confidential legal advice, though the attachments

26   were produced.

27           Upon review, the Court finds that the documents contain confidential legal advice protected

28

1  by attorney-client privilege and do not need to be produced.

2        7) The document designated as Bates number IT.130619.012300 is an electronic mail from

3  Ms. Sokolowski to Ms. Thomas regarding a draft motion to be brought at Plaintiff's hearing.

4  Defendants claim privilege over the entire electronic mail on the grounds that it contains

5  confidential legal advice.

6        Upon review, the Court finds that the document contains confidential legal advice protected

7  by attorney-client privilege and does not need to be produced.

8        8) The document designated as Bates number IT.130619.012302-.012304 is an electronic

9  mail from City Councilmember Todd Gloria's aide, Stephan Hill, to Ms. Thomas forwarding an

10  electronic mail from a constituent regarding Plaintiff's application.  Defendants withheld the entire

11  electronic mail, but appear to only claim privilege over the portion of the electronic mail from Mr.

12  Hill to Ms. Thomas.

13        Upon review, the Court finds that the document contains a confidential request for legal

14  advice protected by attorney-client privilege and does not need to be produced.

15        9) The document designated as Bates number IT.130619.012527 is an electronic mail from

16  Ms. Sokolowski to Ms. Fain and Ms. Thomas regarding a draft permit for Plaintiff's application.

17  Defendants claim privilege over the entire document, but produced the attachments to the

18  electronic mail.

19        Upon review, the Court finds that the document contains confidential legal advice protected

20  by attorney-client privilege and does not need to be produced.

21        10) The Document designated as Bates number IT.130619.012557 is an electronic mail

22  from Ms. Sokolowski to Ms. Fain regarding a modified draft on Plaintiff's application.

23  Defendants claim privilege over the entire electronic mail.

24        Upon review, the Court finds that the document contains confidential legal advice protected

25  by attorney-client privilege and does not need to be produced.

26        11) The documents designated as Bates numbers IT.130619.012751-.012752,

27  IT.130619.012753-.012754, and IT.130619.012755 are threads of an electronic mail thread

28

between Ms. Sokolowski, Neighborhood Code Compliance Division Director Robert Vacchi, and Chief Deputy City Attorney Christine Leone regarding a phone conversation with one of Plaintiff's neighbors.  Defendants withheld the entire documents on the grounds that they are confidential conversations regarding Plaintiff's lawsuit.

Upon review, the Court finds that the documents contain confidential discussions regarding Plaintiff's lawsuit ans are protected by the attorney-client privilege.  Defendants are not required to produce the documents.

12) The documents designated as Bates numbers IT.130619.0123874 and IT.13609.012875 are electronic mails between Ms. Fain and Ms. Sokolowski regarding Plaintiff's application hearing.  Defendants withheld the entire electronic mail on the grounds that it contains confidential legal advice.

Upon review, the Court finds that the documents contain confidential legal advice protected by attorney-client privilege and do not need to be produced.

13) The document designated as Bares number IT 130619.012882-.012883 is an electronic mail from Mr. Vacchi to Ms. Sokolowski forwarding an electronic mail exchange between Mr. Vacchi and Plaintiff's attorney.

The city initially withheld the document, but has since withdrawn its claim of privilege and produced it.  Accordingly, no further action by the Court is required.

14) The documents designated as Bates numbers IT.130619.012917, IT.130619.012920, IT.130619.012921, IT.130619.012922, IT.130619.012928, and IT.130619.012931 are threads of an electronic mail exchange between Ms. Sokolowski, Mr. Hill, and Assistant City Attorney Mary Jo Lanzafame regarding a meeting with Councilmember Gloria to discuss Plaintiff's application. Defendants claim privilege over the portion of the electronic mail from Mr. Hill to Ms. Lanzafame.

Upon review, the documents do not contain any actual discussion of Plaintiff's permit application or any request for legal advice.  Accordingly, the Court finds that attorney-client privilege does not apply and Defendants are **ORDERED** to produce them.

15) The documents designated as Bates numbers IT.130619.013208-.013209 is an

electronic mail from Ms. Sokolowski to Ms. Fain regarding the hearing on Plaintiff's application. Defendants claim privilege over the entire electronic mail on the grounds that it is a confidential request for legal advice.

Upon review, only the portion of the electronic mail from Ms. Fain to Ms. Sokolowski is protected by attorney client privilege. The remainder is identical to the documents determined to be discoverable. *See* paragraph 1) above. The documents only need be disclosed once.

16) The documents designated as Bates number IT.130619.013492-.013494, IT.130619.013495-.013496, and IT.130619.013499-.013500 are threads of an electronic mail exchange between Ms. Sokolowski, Hearings Supervisor Gary Vetter, and Ms. Fain regarding Plaintiff's application hearing. Defendants claim privilege over the portion of the electronic mails sent by Mr. Vetter, Ms. Sokolowski, and Ms. Fain.

Upon review, the Court finds that the portions of the documents designated by Defendant contain privilege discussions protected by the attorney-client privilege. Defendants are not required to produce those portions of the document, but are **ORDERED** to produce the remainder if they have not already done so.

17) The document designated Bates number IT.130619.013516 is a meeting request from Ms. Fain to attorneys in the City Attorney's office. Defendants claim privilege over the entire document.

Upon review, the Court finds the document merely contains a request for a meeting, and does not contain any confidential legal discussions. Accordingly, the document is not protected by attorney-client privilege and Defendants are **ORDERED** to produce it.

18) The document designated Bates number IT.130619.013536 is an electronic mail from Ms. Sokolowski to DSD staff and Ms Fain regarding the hearing on Plaintiff's application. Defendants claim privilege over the entire document.

Upon review, the electronic mail merely describes Ms. Sokolowski's attempts to send a separate electronic mail to DSD staff, and does not contain confidential legal material. Accordingly, the document is not protected by attorney-client privilege and Defendants are

1     **ORDERED** to produce it.  The attachments referenced in the electronic mail, however, do not

2     need to be produced.

3         19) The document designated as Bates number IT.130619.013704 is an electronic mail

4     exchange between Ms. Sokolowski and Ms. Fain regarding Plaintiff's permit application and

5     related hearings.  Defendants claim privilege over the entire electronic mail, but produced the

6     attachment to the electronic mail.

7         Upon review, the Court finds that the documents contains confidential legal advice

8     protected by attorney-client privilege and does not need to be produced.

9         3. <u>Defendant's Assertion of Deliberative Privilege for Certain Documents</u>

10         This is a federal question case and federal common law recognizes the deliberative process

11     privilege.  *See Surf & Sand, LLC v. City of Capitola,* 210 WL 4393886 *2 (N.D. Cal. October 29,

12     2010); *North Pacifica, LLC v. City of Pacifica,* 274 F.Supp.2d 1118, 1120-1121 (N.D. Cal. 2003).

13     This privilege permits the government to withhold documents that reflect advisory opinions,

14     recommendations and deliberations comprising part of a process by which government decisions

15     and policies are formulated.  *See Federal Trade Commission v. Warner Communications,* 742 F.2d

16     1156, 1161 (9th Cir. 1984).

17         A document must meet two requirements for the deliberative process privilege to apply.

18     First, the document must be pre-decisional—it must have been generated before the adoption of an

19     agency's policy or decision.  Second, the document must be deliberative in nature, containing

20     opinions, recommendations, or advice about agency policies.  Purely factual material that does not

21     reflect deliberative processes is not protected.  *Id.*

22         A document may considered "pre-decisional" if was prepared to assist a decision-maker in

23     arriving at his or her decision.  *See. Carter v. U. S. Department of Commerce,* 307 F.3d 1084, 1089

24     (9th Cir. 2002).  Material which predates the decision chronologically but does not contribute to

25     that decision is not pre-decisional.  *Id.*  A document that is pre-decisional must also be deliberative

26     such that disclosure would expose the decision-making process in such a way as to discourage

27     candid discussion and undermine the governmental entity's ability to perform its functions.  *Id.* at

28

1090.

The deliberative process privilege is a qualified one. A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure. Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions; 5) the interest of the litigant, and ultimately society, in accurate judicial fact-finding; 6) the seriousness of the litigation and the issues involved; 7) the presence of issues concerning alleged government misconduct; and, 8) the federal interest in the enforcement of federal law. *North Pacifica, LLC v. City of Pacifica,* 274 F.Supp.2d at 1122.

The Court reviewed *in camera* the documents withheld by Defendant based upon the deliberative process privilege. Although the documents are pre-decisional chronologically, the documents, as discussed below, do not appear deliberative. Specifically, documents numbered CC.030309.01642 through 01645, DSD.02370 through 02372, DSD.03773 through 03775 and IT.130619.013100 through 013111 consists of all or part of the same thread of electronic mails. The thread commences with a question from a City Council member inquiring of city staff how it calculated the number of parking spots to be allocated to Plaintiff under various versions of the Municipal Code and is followed by answers and clarifications. Neither the questions nor the answers expose the deliberative process of the Council member or the staff.

Document DSD.0207, an electronic mail between a staff member to a former Council member and another staff member, reflects a conversation with someone associated with Plaintiff. It does not appear to expose any deliberative process. Document DSD.09455-09456, handwritten notes of a meeting, although originally withheld, has been produced. Document NPCP.00115 through 00117 consists of an electronic mail transmitting a draft of a letter to the City Council from the North Park Planning Committee ("NPPC") summarizing the action of the NPPC regarding Plaintiff. It does not expose the deliberations of that body nor the Council. Document

1   NPCP.00118 was disclosed by Defendant.  Finally, Document IT. 130619.012301 is simply an

2   electronic mail containing a draft of the Council's ruling on Plaintiff's permits.  It is not

3   deliberative.

4          Consequently, as discussed above, the Court finds that the documents withheld by

5   Defendant on the basis of the deliberative process privilege are not privileged and must be

6   disclosed to Plaintiff.

7          Even if the documents were privileged, the Court finds that the assertion of this qualified

8   privilege would be overcome in this case by the need for disclosure.  Applying the 8-factor test set

9   forth above, the Court finds as follows:  First, the evidence unquestionably is relevant favoring

10  disclosure.  Second, regarding the availability of comparable evidence from other sources, the

11  Court finds that the presence of an administrative record, asserted by Defendant as dispositive on

12  this point, has significance but does not end the inquiry.  Plaintiff alleges that Defendant

13  discriminated against it by denying the permit applications violating Plaintiff's First Amendment

14  rights and RLUIPA, a federal law.  Evidence of discriminatory intent "does not typically lay

15  dormant in an adminstrative record."  *Newport Pacific Inc., v. County of San Diego,* 200 F.R.D.

16  628, 639 (S.D. Cal. 2001).  The Court finds that despite the presence of an administrative record,

17  the nature of the alleged violations favors disclosure.  Third, the fact that the City is a party to this

18  litigation, in this case, mitigates in favor of disclosure.  The City's deliberative process is not

19  collateral in this case; this case is directed at the City's intent.  Consequently, it makes no sense to

20  allow the City to use the privilege as a shield.  *Id.* at 640; *North Pacifica, LLC, v. City of Pacifica,*

21  274 F.Supp.2d at 1124.  Fourth, the Court is not convinced that these disclosures will hinder frank

22  and independent discussion.  "[I]f because of this case, members of government agencies acting on

23  behalf of the public at large are reminded that they are subject to scrutiny, a useful purpose will

24  have been served."  *Id.*  Fifth, the interest of accurate judicial fact-finding in a case alleging

25  significant constitutional claims favors disclosure.  Sixth, this litigation is serious, which favors

26  disclosure.  Seventh, inasmuch as it is alleged that the City discriminated against Plaintiff based

27  upon Plaintiff's religious beliefs and substantially impact Plaintiff's religious practices by denying

28

1  the permits at issue, the Court finds that this case involves more than just a challenge to a

2  governmental action - it involves allegations of violations of federal constitutional magnitude.

3  This favors disclosure.  Finally, there is a strong federal interest in the enforcement of federal civil

4  right laws.  This also favors disclosure.

5        Accordingly, even if privileged, the Court **ORDERS** the withheld documents disclosed as

6  the qualified deliberative process privilege is overcome in this case.

7                4.  <u>Defendant's Assertion of Deliberative Process Privilege Regarding Depositions</u>

8        Plaintiff has expressed its intention to notice the depositions of certain City Council

9  members and staff.  Defendant claims that no such deposition should be permitted relying again

10  upon the deliberative process privilege.  Doubtless, Plaintiff wishes to inquire into the deliberative

11  process seeking answers to questions regarding the motives and intent of the deponents in denying

12  the requested permits to Plaintiff.  The answers certainly will implicate the deliberative process

13  privilege.  But, as discussed above, the privilege is qualified.  For the same reasons as expressed

14  above, the Court finds that the deliberative process privilege is overcome in this case by Plaintiff's

15  need for this information, the public's interest in accurate judicial fact-finding and the strong

16  federal interest in the enforcement of federal civil rights laws.

17        Accordingly, Plaintiff may notice the depositions of City Council members and staff.  The

18  deliberative process privilege will not be available to these deponents.  *See North Pacifica, LLC, v.*

19  *City of Pacifica*, 274 F.Supp.2d at 1123.

20                              <u>Conclusion</u>

21        Any disclosures ordered herein are to be made within fourteen (14) days of the date of this

22  Order.

23  IT IS SO ORDERED:

24  DATED: December 28, 2011

25

26

27                                     Hon. Mitchell D. Dembin

28                                     U.S. Magistrate Judge