1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ACADEMY OF OUR LADY OF PEACE,              CASE NO. 09cv0962 WQH (MDD)

12                              Plaintiff,       ORDER ON JOINT MOTION FOR
                                                 DETERMINATION OF DISCOVERY
        vs.                                      DISPUTE
13

14   CITY OF SAN DIEGO,                          [DOC. NO. 116]

15                              Defendant.

16

                                   Background
17

18       Before the Court is the Joint Motion for Determination of Discovery Dispute filed by the

     parties on October 20, 2011.  (Doc. No. 116).  On October 21, 2011, the Court ordered the
19

20   Defendant to submit to the Court for *in camera* review relevant documents subject to discovery

     requests by Plaintiff as to which Defendant was claiming privilege.  (Doc. No. 118).  The
21

22   documents were submitted to the Court on October 31, 2011.  After reviewing the motion, the

     Court ordered the parties to appear for a discovery conference on November 10, 2011.  At the
23

24   discovery conference, following a discussion with the parties, the Court deferred ruling on the

     instant motion pending the outcome of an upcoming settlement conference.  The settlement
25

26   conference was held on December 12, 2011.  No settlement was reached.

27       In this lawsuit, Plaintiff challenges the decision of Defendant, through the City Council, to

28   deny Plaintiff the necessary permits for its plan to modernize its campus and buildings.  Plaintiff's

1   First Amended Complaint alleges violations of the First and Fourteenth Amendments of the United

2   States Constitution, unlawful discrimination based upon religion under 42 U.S.C. § 1983,

3   violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §

4   2000cc, violations of the California Constitution and seeks a Writ of Mandate compelling

5   Defendant to grant the permit for the Plaintiff's modernization plan.  (Doc. No. 109).

6           There are four remaining aspects to the current discovery dispute:

7       1.      Plaintiff's objections to Defendant's Requests for Production numbered 21, 25, 26,

8               27, 34 and 35;

9       2.      Plaintiff's challenge to Defendant's assertion of attorney-client privilege to shield

10              certain documents from disclosure;

11      3.      Plaintiff's challenge to Defendant's assertion of deliberative process privilege to

12              shield certain documents from disclosure; and,

13      4.      Defendant's challenge, based upon deliberative process privilege, to Plaintiff's

14              expressed desire to notice the depositions of certain City Council members and

15              staff.

16  A fifth dispute, involving Defendant's request to inspect Plaintiff's property, was resolved by the

17  parties.  The remaining disputes will be addressed below.

18                                          Discussion

19      1.  Defendant's Requests for Production ("RFP")

20          The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing

21  parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim

22  or defense."  Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good cause, the court may order discovery of

23  any matter relevant to the subject matter involved in the action."  Id.  Relevant information for

24  discovery purposes includes any information "reasonably calculated to lead to the discovery of

25  admissible evidence," and need not be admissible at trial to be discoverable.  *Id*. There is no

26  requirement that the information sought directly relate to a particular issue in the case. Rather,

27  relevance encompasses any matter that "bears on" or could reasonably lead to matter that could

28

1   bear on, any issue that is or may be presented in the case.  *Oppenheimer Fund, Inc. v. Sanders*, 437

2   U.S. 340, 354 (1978).  District courts have broad discretion to determine relevancy for discovery

3   purposes.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have

4   broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or

5   duplicative, or can be obtained from some other source that is more convenient, less burdensome,

6   or less expensive." Fed. R. Civ. P. 26(b)(2)(C).  Limits also should be imposed where the burden

7   or expense outweighs the likely benefits.  *Id.*

8       RFP # 21

9       Defendant appears to seek its own documents in this request.  The RFP requires the

10  production of:

11      Each and every Document, Communication, Correspondence, or other writing
        exchanged between any member of the City's Development Services Department
12      (DSD), its Planning Commission, its City Council, or any other committee or
        community planning group regarding The Modernization Plan, and any amendment
13      thereto.

14  Plaintiff objects that Defendant is requesting from Plaintiff documents produced by Defendant in

15  discovery in this case.  Defendant has agreed to limit its request to only those documents Plaintiff

16  may have which were not produced by Defendant.  Defendant also claims that this request seeks

17  communications between Plaintiff and other committees or community planning groups regarding

18  the Modernization Plan.

19      This RFP is vague and ambiguous.  By its terms, it does not appear to require the

20  production of communications between Plaintiff and anyone.  It only appears to require Plaintiff to

21  produce documents in its possession that reflect communications "exchanged between" the various

22  City components and between those components and outside committees or groups regarding the

23  Modernization Plan.  Plaintiff need not respond further.

24      RFP # 25

25      Defendant seeks from Plaintiff any and all documents regarding construction projects of the

26  Plaintiff from 1925 to date.  Plaintiff objects for overbreadth and relevance.  Defendant claims that

27  it can only locate in its records permits for construction dating back to1992 although Plaintiff has

28

operated at its current location since the 1920's.  Defendant asserts that a record of all of its transactions with Defendant over the years bears on whether Defendant has discriminated against Plaintiff.

This request is overbroad and irrelevant.  The issue is whether Defendant discriminated against Plaintiff in denying the permits necessary to proceed with the Modernization Plan in 2009.  Plaintiff need not respond further.

RFP #27

Defendant seeks reports of any kind pertaining to the Modernization Plan.  Plaintiff claims to have produced the requested documentation.  No further response is required.

RFP # 34

Defendant seeks a wide range of financial records of Plaintiff extending back 30 years.  Plaintiff objects for overbreadth, relevance and privilege.  Defendant has narrowed the request to the past 15 years and claims that it is relevant on the issue of the financial feasibility of alternative approaches to the modernization plan.

This request is overbroad and irrelevant although not privileged.  It does not appear that the denial of the permit in this case was based upon issues of financial feasibility of alternative plans.  Accordingly, Plaintiff's finances are not relevant.

RFP # 35

Defendant seeks records regarding Plaintiff's acquisition of three specific properties and, in addition, all property acquired by Plaintiff within the City of San Diego since 1925.  Plaintiff objects for overbreadth and relevance but claims to have produced the requested records.  Defendant claims the records are relevant to a determination of alternatives to the modernization plan presented to Defendant.

Plaintiff claims to have responded to this request.  In any event, the Court finds that records regarding the three identified properties may have marginal relevance.  To the extent that the request seeks all property acquired by Plaintiff since 1925 within the City of San Diego, it is overbroad and irrelevant.

## 2.  Defendant's Assertion of Attorney-Client Privilege for Certain Documents

The Ninth Circuit consistently has described the attorney-client privilege as protecting communications: (a) where legal advice of any kind is sought; (b) from a professional legal advisor in his capacity as such; (c) relating to that purpose; (d) made in confidence; (e) by the client; (f) that are at the client's insistence permanently protected; (g) from disclosure by himself or the legal advisor; (h) unless the protection be waived.  *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009); *United States v. Martin,* 278 F.3d 988, 999 (9th Cir. 2002).  The party asserting the privilege has the burden of establishing all of its elements and, even if established, the privilege is strictly construed.  *Id.* at 999-1000.

Defendants, as required by the Court, provided the Court with the withheld documents for *in camera* review.  The Court examined the documents, and finds as follows:

1) The documents designated as Bates numbers DSD.09508-.09509, IT.130619.013246-.013247, IT.130619.013249, and IT.130619.013320 are electronic mails exchanged between project manager Michelle Sokolowski, city staff, and Deputy City Attorney Nina Fain regarding Plaintiff's upcoming hearing.  Defendants claim privilege over the portion of the electronic mail directed to Ms. Fain, which appears to consist of a part of a single sentence.

Upon review, the Court finds that the claimed portion of the documents are not protected by the attorney-client privilege.  The redacted portion merely informs Ms. Fain that if a question is asked at the hearing regarding RLUIPA, she will be the one to answer it.  The portion does not contain legal advice or a request for legal advice, and thus does not fall under the attorney-client privilege.  Accordingly, Defendants are **ORDERED** to produce a complete copy of the electronic mail.

2) The document designated as Bates numbers IT.130619.11637-.011648 is an electronic mail from Ms. Fain to Ms. Sokolowski and Project Manager Paul Godwin.  Defendants claimed privilege over the entire document on the grounds that it contains confidential legal advice regarding Plaintiff's permit.

Upon review, the Court finds that the document contains confidential legal advice protected

1    by attorney-client privilege and does not need to be produced.

2         3) The document designated as Bates number IT .130619.011817 is an exchange of

3    electronic mails between Ms. Fain, Ms. Fain's secretary Pat Vaughan, and Ms. Sokolowski

4    regarding Plaintiff's permit application.  Defendants claim privilege over the entire document on

5    the grounds that it contains confidential legal advice.

6         Upon review, the Court finds that the document contains confidential legal advice protected

7    by attorney-client privilege and does not need to be produced.

8         4) The document designated as Bates number IT.130619.011911 is an electronic mail from

9    Ms. Sokolowski to other DSD staff members, containing a forwarded electronic mail from Ms.

10   Fain and the City Attorney's office regarding Plaintiff's permit application.  Defendants withheld

11   the entire document on the grounds that it contains confidential legal advice.

12        Upon review, the Court finds that the document contains confidential legal advice protected

13   by attorney-client privilege and does not need to be produced.

14        5) The document designated as Bates number IT.130619.012046 is an electronic mail

15   thread between Ms. Sokolowski and other DSD staff members containing a forwarded electronic

16   mail from Ms. Fain and the City Attorney's office regarding an environmental document

17   associated with Plaintiff's permit application.  Defendants claim privilege over the entire electronic

18   mail on the grounds that it contains confidential legal advice, though the attachments to the

19   electronic mail were produced.

20        Upon review, the Court finds that the document contains confidential legal advice protected

21   by attorney-client privilege and does not need to be produced.

22        6) The documents designated as Bates number IT.130619.012234 and IT.130619.012161

23   are electronic mails from Ms. Sokolowski to Ms. Fain and Chief Deputy City Attorney Shannon

24   Thomas regarding Plaintiff's permit application.  Defendants claim privilege over the entire

25   electronic mails on the grounds that they contain confidential legal advice, though the attachments

26   were produced.

27        Upon review, the Court finds that the documents contain confidential legal advice protected

28

1   by attorney-client privilege and do not need to be produced.

2   7) The document designated as Bates number IT.130619.012300 is an electronic mail from

3   Ms. Sokolowski to Ms. Thomas regarding a draft motion to be brought at Plaintiff's hearing.

4   Defendants claim privilege over the entire electronic mail on the grounds that it contains

5   confidential legal advice.

6   Upon review, the Court finds that the document contains confidential legal advice protected

7   by attorney-client privilege and does not need to be produced.

8   8) The document designated as Bates number IT.130619.012302-.012304 is an electronic

9   mail from City Councilmember Todd Gloria's aide, Stephan Hill, to Ms. Thomas forwarding an

10   electronic mail from a constituent regarding Plaintiff's application.  Defendants withheld the entire

11   electronic mail, but appear to only claim privilege over the portion of the electronic mail from Mr.

12   Hill to Ms. Thomas.

13   Upon review, the Court finds that the document contains a confidential request for legal

14   advice protected by attorney-client privilege and does not need to be produced.

15   9) The document designated as Bates number IT.130619.012527 is an electronic mail from

16   Ms. Sokolowski to Ms. Fain and Ms. Thomas regarding a draft permit for Plaintiff's application.

17   Defendants claim privilege over the entire document, but produced the attachments to the

18   electronic mail.

19   Upon review, the Court finds that the document contains confidential legal advice protected

20   by attorney-client privilege and does not need to be produced.

21   10) The Document designated as Bates number IT.130619.012557 is an electronic mail

22   from Ms. Sokolowski to Ms. Fain regarding a modified draft on Plaintiff's application.

23   Defendants claim privilege over the entire electronic mail.

24   Upon review, the Court finds that the document contains confidential legal advice protected

25   by attorney-client privilege and does not need to be produced.

26   11) The documents designated as Bates numbers IT.130619.012751-.012752,

27   IT.130619.012753-.012754, and IT.130619.012755 are threads of an electronic mail thread

28

between Ms. Sokolowski, Neighborhood Code Compliance Division Director Robert Vacchi, and Chief Deputy City Attorney Christine Leone regarding a phone conversation with one of Plaintiff's neighbors.  Defendants withheld the entire documents on the grounds that they are confidential conversations regarding Plaintiff's lawsuit.

Upon review, the Court finds that the documents contain confidential discussions regarding Plaintiff's lawsuit ans are protected by the attorney-client privilege.  Defendants are not required to produce the documents.

12) The documents designated as Bates numbers IT.130619.0123874 and IT.13609.012875 are electronic mails between Ms. Fain and Ms. Sokolowski regarding Plaintiff's application hearing.  Defendants withheld the entire electronic mail on the grounds that it contains confidential legal advice.

Upon review, the Court finds that the documents contain confidential legal advice protected by attorney-client privilege and do not need to be produced.

13) The document designated as Bares number IT 130619.012882-.012883 is an electronic mail from Mr. Vacchi to Ms. Sokolowski forwarding an electronic mail exchange between Mr. Vacchi and Plaintiff's attorney.

The city initially withheld the document, but has since withdrawn its claim of privilege and produced it.  Accordingly, no further action by the Court is required.

14) The documents designated as Bates numbers IT.130619.012917, IT.130619.012920, IT.130619.012921, IT.130619.012922, IT.130619.012928, and IT.130619.012931 are threads of an electronic mail exchange between Ms. Sokolowski, Mr. Hill, and Assistant City Attorney Mary Jo Lanzafame regarding a meeting with Councilmember Gloria to discuss Plaintiff's application. Defendants claim privilege over the portion of the electronic mail from Mr. Hill to Ms. Lanzafame.

Upon review, the documents do not contain any actual discussion of Plaintiff's permit application or any request for legal advice.  Accordingly, the Court finds that attorney-client privilege does not apply and Defendants are **ORDERED** to produce them.

15) The documents designated as Bates numbers IT.130619.013208-.013209 is an

09cv0962 WQH (MDD)

electronic mail from Ms. Sokolowski to Ms. Fain regarding the hearing on Plaintiff's application. Defendants claim privilege over the entire electronic mail on the grounds that it is a confidential request for legal advice.

Upon review, only the portion of the electronic mail from Ms. Fain to Ms. Sokolowski is protected by attorney client privilege. The remainder is identical to the documents determined to be discoverable. *See* paragraph 1) above. The documents only need be disclosed once.

16) The documents designated as Bates number IT.130619.013492-.013494, IT.130619.013495-.013496, and IT.130619.013499-.013500 are threads of an electronic mail exchange between Ms. Sokolowski, Hearings Supervisor Gary Vetter, and Ms. Fain regarding Plaintiff's application hearing. Defendants claim privilege over the portion of the electronic mails sent by Mr. Vetter, Ms. Sokolowski, and Ms. Fain.

Upon review, the Court finds that the portions of the documents designated by Defendant contain privilege discussions protected by the attorney-client privilege. Defendants are not required to produce those portions of the document, but are **ORDERED** to produce the remainder if they have not already done so.

17) The document designated Bates number IT.130619.013516 is a meeting request from Ms. Fain to attorneys in the City Attorney's office. Defendants claim privilege over the entire document.

Upon review, the Court finds the document merely contains a request for a meeting, and does not contain any confidential legal discussions. Accordingly, the document is not protected by attorney-client privilege and Defendants are **ORDERED** to produce it.

18) The document designated Bates number IT.130619.013536 is an electronic mail from Ms. Sokolowski to DSD staff and Ms Fain regarding the hearing on Plaintiff's application. Defendants claim privilege over the entire document.

Upon review, the electronic mail merely describes Ms. Sokolowski's attempts to send a separate electronic mail to DSD staff, and does not contain confidential legal material. Accordingly, the document is not protected by attorney-client privilege and Defendants are

1  **ORDERED** to produce it.  The attachments referenced in the electronic mail, however, do not

2  need to be produced.

3      19) The document designated as Bates number IT.130619.013704 is an electronic mail

4  exchange between Ms. Sokolowski and Ms. Fain regarding Plaintiff's permit application and

5  related hearings.  Defendants claim privilege over the entire electronic mail, but produced the

6  attachment to the electronic mail.

7      Upon review, the Court finds that the documents contains confidential legal advice

8  protected by attorney-client privilege and does not need to be produced.

9      3. <u>Defendant's Assertion of Deliberative Privilege for Certain Documents</u>

10      This is a federal question case and federal common law recognizes the deliberative process

11  privilege.  *See Surf & Sand, LLC v. City of Capitola,* 210 WL 4393886 *2 (N.D. Cal. October 29,

12  2010); *North Pacifica, LLC v. City of Pacifica,* 274 F.Supp.2d 1118, 1120-1121 (N.D. Cal. 2003).

13  This privilege permits the government to withhold documents that reflect advisory opinions,

14  recommendations and deliberations comprising part of a process by which government decisions

15  and policies are formulated.  *See Federal Trade Commission v. Warner Communications,* 742 F.2d

16  1156, 1161 (9th Cir. 1984).

17      A document must meet two requirements for the deliberative process privilege to apply.

18  First, the document must be pre-decisional—it must have been generated before the adoption of an

19  agency's policy or decision.  Second, the document must be deliberative in nature, containing

20  opinions, recommendations, or advice about agency policies.  Purely factual material that does not

21  reflect deliberative processes is not protected.  *Id.*

22      A document may considered "pre-decisional" if was prepared to assist a decision-maker in

23  arriving at his or her decision.  *See. Carter v. U. S. Department of Commerce,* 307 F.3d 1084, 1089

24  (9th Cir. 2002).  Material which predates the decision chronologically but does not contribute to

25  that decision is not pre-decisional.  *Id.*  A document that is pre-decisional must also be deliberative

26  such that disclosure would expose the decision-making process in such a way as to discourage

27  candid discussion and undermine the governmental entity's ability to perform its functions.  *Id.* at

28

1090.

The deliberative process privilege is a qualified one. A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure.  Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions; 5) the interest of the litigant, and ultimately society, in accurate judicial fact-finding; 6) the seriousness of the litigation and the issues involved; 7) the presence of issues concerning alleged government misconduct; and, 8) the federal interest in the enforcement of federal law.  *North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d at 1122.

The Court reviewed *in camera* the documents withheld by Defendant based upon the deliberative process privilege.  Although the documents are pre-decisional chronologically, the documents, as discussed below, do not appear deliberative.  Specifically, documents numbered CC.030309.01642 through 01645, DSD.02370 through 02372, DSD.03773 through 03775 and IT.130619.013100 through 013111 consists of all or part of the same thread of electronic mails. The thread commences with a question from a City Council member inquiring of city staff how it calculated the number of parking spots to be allocated to Plaintiff under various versions of the Municipal Code and is followed by answers and clarifications.  Neither the questions nor the answers expose the deliberative process of the Council member or the staff.

Document DSD.0207, an electronic mail between a staff member to a former Council member and another staff member, reflects a conversation with someone associated with Plaintiff. It does not appear to expose any deliberative process.  Document DSD.09455-09456, handwritten notes of a meeting, although originally withheld, has been produced.  Document NPCP.00115 through 00117 consists of an electronic mail transmitting a draft of a letter to the City Council from the North Park Planning Committee ("NPPC") summarizing the action of the NPPC regarding Plaintiff.  It does not expose the deliberations of that body nor the Council.  Document

NPCP.00118 was disclosed by Defendant.  Finally, Document IT. 130619.012301 is simply an electronic mail containing a draft of the Council's ruling on Plaintiff's permits.  It is not deliberative.

Consequently, as discussed above, the Court finds that the documents withheld by Defendant on the basis of the deliberative process privilege are not privileged and must be disclosed to Plaintiff.

Even if the documents were privileged, the Court finds that the assertion of this qualified privilege would be overcome in this case by the need for disclosure.  Applying the 8-factor test set forth above, the Court finds as follows:  First, the evidence unquestionably is relevant favoring disclosure.  Second, regarding the availability of comparable evidence from other sources, the Court finds that the presence of an administrative record, asserted by Defendant as dispositive on this point, has significance but does not end the inquiry.  Plaintiff alleges that Defendant discriminated against it by denying the permit applications violating Plaintiff's First Amendment rights and RLUIPA, a federal law.  Evidence of discriminatory intent "does not typically lay dormant in an adminstrative record." *Newport Pacific Inc., v. County of San Diego,* 200 F.R.D. 628, 639 (S.D. Cal. 2001).  The Court finds that despite the presence of an administrative record, the nature of the alleged violations favors disclosure.  Third, the fact that the City is a party to this litigation, in this case, mitigates in favor of disclosure.  The City's deliberative process is not collateral in this case; this case is directed at the City's intent.  Consequently, it makes no sense to allow the City to use the privilege as a shield.  *Id.* at 640; *North Pacifica, LLC, v. City of Pacifica,* 274 F.Supp.2d at 1124.  Fourth, the Court is not convinced that these disclosures will hinder frank and independent discussion.  "[I]f because of this case, members of government agencies acting on behalf of the public at large are reminded that they are subject to scrutiny, a useful purpose will have been served." *Id.*  Fifth, the interest of accurate judicial fact-finding in a case alleging significant constitutional claims favors disclosure.  Sixth, this litigation is serious, which favors disclosure.  Seventh, inasmuch as it is alleged that the City discriminated against Plaintiff based upon Plaintiff's religious beliefs and substantially impact Plaintiff's religious practices by denying

1    the permits at issue, the Court finds that this case involves more than just a challenge to a

2    governmental action - it involves allegations of violations of federal constitutional magnitude.

3    This favors disclosure.  Finally, there is a strong federal interest in the enforcement of federal civil

4    right laws.  This also favors disclosure.

5          Accordingly, even if privileged, the Court **ORDERS** the withheld documents disclosed as

6    the qualified deliberative process privilege is overcome in this case.

7          4.  Defendant's Assertion of Deliberative Process Privilege Regarding Depositions

8          Plaintiff has expressed its intention to notice the depositions of certain City Council

9    members and staff.  Defendant claims that no such deposition should be permitted relying again

10   upon the deliberative process privilege.  Doubtless, Plaintiff wishes to inquire into the deliberative

11   process seeking answers to questions regarding the motives and intent of the deponents in denying

12   the requested permits to Plaintiff.  The answers certainly will implicate the deliberative process

13   privilege.  But, as discussed above, the privilege is qualified.  For the same reasons as expressed

14   above, the Court finds that the deliberative process privilege is overcome in this case by Plaintiff's

15   need for this information, the public's interest in accurate judicial fact-finding and the strong

16   federal interest in the enforcement of federal civil rights laws.

17         Accordingly, Plaintiff may notice the depositions of City Council members and staff.  The

18   deliberative process privilege will not be available to these deponents.  *See North Pacifica, LLC, v.*

19   *City of Pacifica*, 274 F.Supp.2d at 1123.

20                                    Conclusion

21         Any disclosures ordered herein are to be made within fourteen (14) days of the date of this

22   Order.

23   IT IS SO ORDERED:

24   DATED: December 28, 2011

25

26

27                                    Hon. Mitchell D. Dembin

28                                    U.S. Magistrate Judge