# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF OUR LADY OF PEACE,<br><br>                          Plaintiff,<br>  vs.<br><br>CITY OF SAN DIEGO,<br>                          Defendant. | CASE NO. 09cv0962 CAB (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING SUPPLEMENTING THE ADMINISTRATIVE RECORD<br><br>[ECF NO. 169] |

Background

Before the Court is the Joint Motion for Determination of Discovery Dispute regarding supplementing the administrative record. The motion was filed by the parties on August 8, 2012. (ECF No. 116). On August 24, 2012, the Court engaged in a telephonic conference with counsel regarding this dispute. (ECF No. 172).

In this lawsuit, Plaintiff challenges the decision of Defendant, through the City Council, to deny Plaintiff the necessary permits for its plan to modernize its campus and buildings. Plaintiff's surviving claims allege violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, the equal protection clause of the Fourteenth Amendment to the United States Constitution and the related provision of the California Constitution. Plaintiff also seeks a Writ of

1  Mandate compelling Defendant to grant the permit for the Plaintiff's modernization
2  plan. (ECF Nos. 109, 159).
3        The administrative record regarding the decision of the San Diego City Council
4  denying the requested permits has been filed with the Court. (ECF Nos. 89 - 106).
5  Included in the administrative record is an Adaptive Reuse Study prepared by Ed
6  McCardle, Plaintiff's architect. Not included in the administrative record is a two-
7  page summary of the Adaptive Reuse Study that Plaintiff claims should be part of the
8  record. (ECF No. 169-1 at 6-7). Defendant claims that the summary was not
9  submitted to the Council and, accordingly, is not part of the administrative record.
10 Plaintiff asserts that the document was submitted and seeks an order from this Court
11 requiring the summary to made part of the administrative record.

## Discussion

13       At the telephonic discovery conference on August 24, 2012, the Court
14 confirmed with the parties that the actual Adaptive Reuse Study is included, in its
15 entirety, in the administrative record. The Court also confirmed with Plaintiff that
16 the subject summary is just that and does not contain any information beyond the
17 actual study.
18       In support of Plaintiff's contention that the summary was submitted to the
19 Council, Plaintiff relies primarily upon the testimony of Trish Butler before the
20 Council. Specifically, Ms. Butler stated:

> Mr. McCardle provided you with a much more extended handout on his adaptive reuse analysis but he really did cut his presentation short. So if you want to explore that further, please, please feel free to do so.

23 (ECF No. 91-27, AR 2373). It is not entirely clear whether Ms. Butler was referring
24 to Mr. McCardle's actual study or to the two-page summary. Mr. McCardle's
25 testimony before the Council itself is a summary of some of his findings and does not
26 appear to refer to a separate summary document. (*Id*. at AR 2369-2373). Plaintiff
27 also argues that a letter submitted by Ms. Butler to the Council referenced the
28

Adaptive Reuse Study as Tab 5 but that tab, and other exhibits to the letter, were not included in the Administrative Record. (ECF No. 169 at 3). There is no evidence, however, that the summary was contained in Tab 5. The declaration of Mr. McCardle, provided by Plaintiff in support of this motion, does not specifically address the summary at all. Instead, Mr. McCardle refers consistently to the study he prepared, rather than the summary. (ECF No. 169-1, ¶¶ 5-7). To the extent that Plaintiff suggests that the summary is part of the study itself to explain why it is not specifically referenced by Mr. McCardle and Ms. Butler, the evidence does not does not support such a finding.

Plaintiff has not established that the summary was submitted to the Council. Nor has Plaintiff demonstrated that it is prejudiced by the exclusion of the summary from the administrative record. The two-page summary is derived entirely from the Adaptive Reuse Study which is part of the record. Mr. McCardle's testimony before the Council itself was a summary of his findings. Inclusion of the two-page summary into the record, although perhaps a convenient outline of the major findings of the study, adds nothing to the actual information that was before the Council.

## Conclusion

Plaintiff's motion to supplement the administrative record by including the two-page summary of the Adaptive Reuse Study is **DENIED**.

IT IS SO ORDERED:

DATED: August 27, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge